UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIMMY J. PERALTA,

                          Plaintiff,

              -against-

DOCTOR KHOURI, et al.,

                          Defendants.

**ORDER OF SERVICE**

24-CV-02760 (PMH)

PHILIP M. HALPERN, United States District Judge:

 Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that

Defendants violated his rights while he was held in the Dutchess County Jail. By order dated May

1, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without

prepayment of fees.[1] On May 8, 2024, the Court directed the Clerk of Court to complete the USM-

285 forms with the address for and deliver all documents necessary to effect service to the U.S.

Marshals Service on, Defendant Khouri. (Doc. 7).

On January 17, 2025, the Court granted Plaintiff leave to file an Amended Complaint. (Doc.

25). A copy of the Amended Complaint was filed that same day, which added El Moackly and a

John Doe as defendants. (Doc. 26).

## DISCUSSION

### A.  Order of Service

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served

Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant El Moackly through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant El Moackly. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant El Moackly.

If the Amended Complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B. Order to Identify the John Doe Defendant**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the Amended Complaint, Plaintiff supplies sufficient information to permit the Dutchess County Sheriff's Office to identify the John Doe Defendant described in the Amended Complaint. It is therefore ordered that the Dutchess County Attorney, who is the attorney for and agent of the Dutchess County Sheriff's Office, must ascertain the identity and badge number of the John Doe whom Plaintiff seeks to sue here and the

---

summonses and the Complaint until the Court reviewed the Complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

address where the Defendant may be served. The Dutchess County Attorney must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Upon receipt of this information, the Court will deem the Amended Complaint amended as to that Defendant and will issue an order directing the Clerk of Court to complete the USM-285 form with the address for the then-named John Doe Defendant.

## CONCLUSION

The Clerk of Court is instructed to issue a summons, complete the USM-285 form with the address for Defendant El Moackly, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail: (1) a copy of this Order and the Amended Complaint to the Dutchess County Attorney at 22 Market Street, 5th Floor Poughkeepsie NY 12601; and (2) an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated:    White Plains, New York
          January 22, 2025

_____
PHILIP M. HALPERN
United States District Judge

3

## DEFENDANT AND SERVICE ADDRESS

1.      Sergeant El Moackly
        Dutchess County Justice Center
        150 North Hamilton Street
        Poughkeepsie, NY 12601