UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JIMY PERALTA,

           Plaintiff,

-against-

DOCTOR KHOURI, et al.,

           Defendants.

**OPINION & ORDER**

24-CV-02760 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

Jimy J. Peralta ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to serious medical needs and denial of Due Process, as well as state law claims of negligence and medical malpractice. (Doc. 26, "Am. Compl.").[1] Plaintiff sues Doctor Khouri, Sergeant El Moackly,[2] and a John Doe Correction Officer/Sheriff Deputy ("Defendants"). Plaintiff alleges that Defendants did not provide him with medical care to treat his liver infection and other ailments, and Defendants John Doe and El Moackly subsequently denied him access to a grievance form so that he could complain of his lack of medical care.

Pending before the Court are Defendant Khouri's and Defendant El Moackly's motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) filed on March 14, 2025, and May 15, 2025, respectively. (Docs. 38-41, 48-52). Plaintiff did not file an opposition to either motion.[3]

---

[1] Citations to specific pages of the Amended Complaint and other filings on the docket correspond to the pagination generated by ECF.

[2] The Court recognizes that Plaintiff misspelled Defendant El Moackly's name in the caption of this action.

[3] Defendant Khouri filed and served a motion to dismiss the original complaint on September 9, 2024. (Docs. 18-21). A copy of the briefing schedule was mailed to Plaintiff. (*See* August 2, 2024 Entry). Plaintiff's opposition was due October 7, 2024. (Doc. 16). Plaintiff did not file an opposition. On December

For the reasons set forth below, Defendants Khouri's and El Moackly's unopposed motions to dismiss the Amended Complaint are granted.

## BACKGROUND

Plaintiff alleges, in the Amended Complaint, that in November and December of 2023, Plaintiff complained to Dutchess County Justice and Transition Center medical staff of "stomach aches, pain in the abdom[i]nal area, excessive diarrhea, loss of appetite, los[s] of weight and loss of sleep." (Am. Compl. at 6). Plaintiff was seen by Defendant Khouri who ordered a blood test for Plaintiff. (*Id.*). Around January 16, 2024, two to three weeks after his visit with Defendant Khouri, Plaintiff received the results of his blood test which revealed a liver infection. (*Id.*). Plaintiff was not given any medication to treat the liver infection by Defendant Khouri or any medical staff at the Dutchess County Justice and Transition Center. (*Id.*).

---

17, 2024, the Court *sua sponte* extended Plaintiff's time to file an opposition to Defendant Khouri's original motion to dismiss until January 16, 2025. (Doc. 24). A copy of the Court's order granting the extension was mailed to Plaintiff. (*See* December 18, 2024 Entry). On January 17, 2025, the Court granted Plaintiff leave to file an amended complaint, and Plaintiff filed the Amended Complaint, adding Sergeant El Moackly and John Doe Correctional Officer/Sheriff Deputy as defendants. (Docs. 25-26). On February 14, 2025, the Court granted Defendant Khouri leave to file a motion to dismiss the Amended Complaint. (Doc. 32). A copy of the briefing schedule was mailed to Plaintiff. (*See* February 18, 2025 Entry). Defendant Khouri filed and served a motion to dismiss the Amended Complaint on March 14, 2025. (Docs. 38-41). Plaintiff's opposition to Defendant Khouri's motion to dismiss was due April 16, 2025. (Doc. 32). Plaintiff did not file an opposition. On May 1, 2025, the Court *sua sponte* extended Plaintiff's time to file an opposition to Defendant Khouri's motion to dismiss to June 2, 2025. (Doc. 47). A copy of the Court's order granting this extension was mailed to Plaintiff. (*See* May 5, 2025 Entry). Plaintiff never filed an opposition to Defendant Khouri's motion to dismiss. Similarly, on April 15, 2025, the Court granted Defendant El Moackly leave to file a motion to dismiss the Amended Complaint. (Doc. 44). A copy of the briefing schedule was mailed to Plaintiff. (*See* April 17, 2025 Entry). Defendant El Moackly filed and served a motion to dismiss the Amended Complaint on May 15, 2025. (Docs. 48-52). Plaintiff's opposition to Defendant El Moackly's motion to dismiss was due June 16, 2025. (Doc. 44). Plaintiff did not file an opposition. On June 27, 2025, the Court *sua sponte* extended Plaintiff's time to oppose Defendant El Moackly's motion to dismiss to July 28, 2025. (Doc. 55). A copy of the Court's order granting this extension was mailed to Plaintiff. (*See* July 1, 2025 Entry). Plaintiff never filed an opposition. Thus, Plaintiff was sent Defendants' motion papers, as well as several additional documents notifying him that Defendants had moved to dismiss the Amended Complaint. Accordingly, the Court deems the motion fully submitted and ripe for adjudication.

Plaintiff sought to file a grievance regarding his lack of treatment. (*Id.* at 6-7). Plaintiff requested an inmate grievance form from Defendant John Doe, who refused to provide the grievance form to Plaintiff. (*Id.*). Defendant John Doe then directed Plaintiff to speak with Defendant El Moackly. (*Id.*). Defendant El Moackly informed Plaintiff that he "could not file a complaint against the medical staff at the Dutchess County Justice and Transition Center, and that he . . . would have to pay for any grievances that he would file against any staff member." (*Id.*). Subsequently, Plaintiff continued to submit sick-call slips for his medical needs until he was told by medical staff to desist from submitting any further sick-call slips. (*Id.*).

Finally, in June 2024, Plaintiff was transferred to Franklin Correctional Facility where Plaintiff was given another blood test, which showed that Plaintiff "still had blood in his urine." (*Id.*). Plaintiff was taken to an outside hospital and subsequently put on a treatment regimen. (*Id.*). Due to Defendants' failure to adequately treat Plaintiff, Plaintiff has had "prolonged difficulties with his liver . . . ." (*Id.* at 8).

This litigation followed.

## **STANDARD OF REVIEW**

A Rule 12(b)(6) motion enables a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

3

has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). The factual allegations pled "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must 'apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357, 371 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intell. Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). However, while "[p]ro se complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*," dismissal is "appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cnty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable

to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted)). Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court does, however, have a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

Moreover, when deciding an unopposed motion to dismiss, as is the case here, "the Court is to 'assume the truth of a pleading's factual allegations and test only its legal sufficiency. Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.'" *Law v. Corizon Med. Servs.*, No. 13-CV-05286, 2014 WL 2111675, at *3 (S.D.N.Y. May 12, 2014) (quoting *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000)). It is, therefore, appropriate for the Court to test the sufficiency of the claims challenged on this motion even without the benefit of formal opposition to the motion.

## ANALYSIS

Liberally construed, the Amended Complaint asserts claims for: (1) deliberate indifference to serious medical needs pursuant to 42 U.S.C. § 1983 against all Defendants; (2) a violation of Plaintiff's Fourteenth Amendment Due Process rights pursuant to 42 U.S.C. § 1983 against Defendants El Moackly and John Doe; (3) negligence against all Defendants; and (4) medical malpractice against all Defendants. Both Defendants Khouri and El Moackly assert an affirmative defense of failure to exhaust administrative remedies under the Prison Litigation Reform Act.

Plaintiffs' federal claims for relief are brought pursuant to 42 U.S.C. § 1983. Section 1983 provides in pertinent part that "[e]very person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. "This language does not create substantive rights; rather, it creates a mechanism by which individuals can vindicate the violation of rights secured elsewhere." *Santucci v. Levine*, No. 17-CV-10204, 2021 WL 76337, at *3 (S.D.N.Y. Jan. 8, 2021). Thus, to state a claim under § 1983, Plaintiff must demonstrate "(1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under color of state law, or a state actor." *Id.* The "first step in any [§ 1983] claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Furthermore, while only Defendants Khouri and El Moackly have moved to dismiss the Amended Complaint, the Court will consider the sufficiency of the claims against Defendant John Doe under 28 U.S.C. § 1915(e)(B)(ii), as Plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(B)(ii) (providing that the Court "shall dismiss the case at any time if the court determines that the action . . . fails to state a claim on which relief may be granted."); *see also Gray-Davis v. Rigby*, No. 14-CV-01490, 2016 WL 1298131, at *8 (N.D.N.Y. Mar. 31, 2016) ("With regard to the pleading sufficiency of this claim as against the unnamed Defendants, the Court notes that Defendants have not moved to dismiss this claim as against the four John Doe Defendant parole officers. . . . Ordinarily, the Court would not be able to *sua sponte* consider the pleading sufficiency of such a claim. However, here, the Court may do so, because Plaintiffs are proceeding *in forma pauperis*.").

I. <u>Deliberate Indifference</u>

Claims for deliberate indifference to serious medical needs are analyzed under the Eighth Amendment for convicted prisoners, and the Due Process Clause of the Fourteenth Amendment for pretrial detainees. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Neither Plaintiff's Complaint nor his Amended Complaint state whether he was a pretrial detainee at the time of the alleged constitutional deprivation. Accordingly, as Plaintiff's status at the time of the alleged constitutional deprivation is unclear, the Court considers Plaintiff's deliberate indifference claim under both the Eighth and Fourteenth Amendments standards. *See, e.g.*, *Culbreth v. Manuel*, No. 24-CV-00497, 2025 WL 35059, at *6 (S.D.N.Y. Jan. 6, 2025) (considering deliberate indifference claim under both the Eighth and Fourteenth Amendments).

To state a claim for deliberate indifference to serious medical needs, Plaintiff must plead: (1) "a serious medical need"; and (2) "that the Defendants acted with deliberate indifference to such needs." *Charles v. Orange Cnty.*, 925 F.3d 73, 82, 86 (2d Cir. 2019). These two elements are referred to as the "objective and subjective prongs," respectively. *Culbreth*, 2025 WL 35059, at *6 (quoting *Horace v. Gibbs*, 802 F. App'x 11, 14 (2d Cir. 2020)). The objective prong "is evaluated the same way under both the Eighth Amendment and the Fourteenth Amendment," while the standard for the subjective prong differs depending on which constitutional amendment applies. *Id.* (quoting *Dumel v. Westchester Cnty.*, 656 F. Supp. 3d 454, 464-65 (S.D.N.Y. 2023)).

To satisfy the objective prong, the "alleged deprivation of adequate medical care must be sufficiently serious." *Dumel*, 656 F. Supp. 3d at 464 (quoting *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013)). A deprivation in medical care is "sufficiently serious" if (1) "the prisoner was actually deprived of adequate medical care"; and (2) "the inadequacy in medical care is sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006).

Where, as here, "the unreasonable medical care is a failure to provide any treatment for an inmate's medical condition, courts examine whether the inmate's medical condition is sufficiently serious." *Id.* at 280 (citing *Smith v. Carpenter*, 316 F.3d 178, 185-86 (2d Cir. 2003)). To be sufficiently serious, the plaintiff's condition must be "a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles*, 925 F.3d at 86. Typically, "the actual medical consequences that flow from the denial of care are highly relevant in determining whether the denial of treatment subjected the detainee to a significant risk of serious harm." *Id.*

For the subjective prong, "the charged official must act with a sufficiently culpable state of mind." *Salahuddin*, 467 F.3d at 280. Under the Eighth Amendment, the subjective prong requires Plaintiff to show that Defendants "acted or failed to act 'while actually aware of a substantial risk that serious inmate harm will result.'" *Michalski v. Ruiz*, 834 F. App'x 671, 672 (2d Cir. 2021). Under the Fourteenth Amendment, the subjective prong is less exacting, requiring Plaintiff to prove that a defendant "recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, *or should have known*, that the condition posed an excess risk to [the plaintiff's] health or safety." *Charles*, 925 F.3d at 87 (alteration in original) (quoting *Darnell*, 849 F.3d at 35). So, while the Eighth Amendment requires actual awareness by a defendant of the risk of serious harm to the plaintiff, the Fourteenth Amendment standard requires only that a defendant *should have known* of the risk of serious harm to the plaintiff. Under either standard, "mere negligence" does not suffice. *Id.* at 87; *Salahuddin*, 467 F.3d at 280.

With respect to the objective prong, the Amended Complaint adequately pleads "a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles*, 925 F.3d at 86. Plaintiff alleges that he complained of "stomach aches, pain in the abdom[i]nal

8

area, excessive diarrhea, loss of appetite, los[s] of weight and loss of sleep." (Am. Compl. at 6). Defendant Khouri, in her moving brief, cites a number of cases which demonstrate that each of Plaintiff's symptoms, standing alone, do not constitute a sufficiently serious medical condition. (*See* Doc. 40 at 6-7). Taken together, however, Plaintiff has adequately alleged symptoms constituting a sufficiently serious medical condition to satisfy the objective prong at the motion to dismiss stage. *Accord Hutchinson v. Civitella*, No. 02-CV-02407, 2003 WL 22056997, at *5 (S.D.N.Y. Sept. 4, 2003) ("[T]he court is reluctant to rule that these conditions taken together could not, in any circumstances which might reasonably be interpreted from the language of the complaint, be sufficiently severe and serious to state an Eighth Amendment claim."). Furthermore, Plaintiff alleges that he was diagnosed with a liver infection, and that he was given no treatment for his infection. (Am. Compl. at 6). A liver infection may qualify as a sufficiently serious medical condition. *See, e.g.*, *Pruitt v. Lewy*, No. 02-CV-08559, 2007 U.S. Dist. LEXIS 101428, at *18 (S.D.N.Y. Sept. 25, 2007) ("Defendant concedes that plaintiff's liver disease is sufficiently serious to satisfy the objective component of the standard."); *cf. Johnson v. Wright*, 234 F. Supp. 2d. 352, 360 (S.D.N.Y. 2002) (noting that Hepatitis C, which can cause liver damage, "qualifies as a serious condition for purposes of an Eighth Amendment analysis"). Plaintiff alleges that, in June 2024, six months after he was diagnosed with a liver infection and given no treatment by Defendants, he "still had blood in his urine" and now has "prolonged difficulties with his liver." (Am. Compl. at 7-8). Taking the facts of the Amended Complaint as true and affording all reasonable inferences to Plaintiff, Plaintiff's medical condition and the resultant medical consequences constitute a sufficiently serious medical condition to satisfy the objective prong.

Although the Amended Complaint plausibly pleads a sufficiently serious condition under the objective prong, Plaintiff's deliberate indifference claim against Defendant Khouri fails the

subjective prong. Plaintiff alleges that, after he complained of his symptoms, he was seen by Defendant Khouri, who ordered a blood test. (Am. Compl. at 6). To the extent Plaintiff's claim is based on Defendant Khouri failing to provide further treatment at this visit, "mere disagreements on treatment between a prison inmate and his doctor do not rise to the level of a constitutional violation." *Johnson v. Enu*, No. 08-CV-00158, 2011 WL 3439179, at *9 (N.D.N.Y. July 13, 2011) (citing *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001)). Two to three weeks later, Plaintiff received the results of his blood test, which showed he had a liver infection, and Plaintiff was not given any medication by Defendant Khouri or any medical staff at the prison facility. (*Id.*). Even in a *pro se* case, such "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for deliberate indifference to serious medical needs. *Chappius*, 618 F.3d at 170. Plaintiff does not make any allegations whatsoever regarding Defendant Khouri's state of mind. Specifically, Plaintiff does not allege that Defendant Khouri *knew* or *should have known* of the results of Plaintiff's blood test and, consequently, any substantial risk of harm to Plaintiff from such condition. *Accord Massapinero v. Rikers Island Mental Health Dep't Servs.*, No. 13-CV-00530, 2015 WL 1473313, at *2 (S.D.N.Y. Mar. 31, 2015) ("These allegations fail to show any culpable thinking by defendants. . . . Even in the light most favorable to plaintiff, the complaint does nothing to establish an intent to deprive him of . . . treatment. Nor does it show that defendants disregarded an excess risk to plaintiff's safety, as there are no facts indicating that defendants knew of his condition at all."). Consequently, Plaintiff fails to state a claim for deliberate indifference to medical needs against Defendant Khouri under either the Eight Amendment or the Fourteenth Amendment.

Plaintiff's deliberate indifference claim also fails as against Defendants John Doe and El Moackly because Plaintiff fails to allege sufficient personal involvement by either Defendant in the failure to treat Plaintiff. "Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (quoting *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)); *see also Collado v. Sposato*, No. 12-CV-02151, 2012 WL 3113837, at *2 (E.D.N.Y. July 24, 2012) ("A complaint based upon a violation under Section 1983 that does not allege facts establishing the personal involvement of an individual defendant fails as a matter of law."). Plaintiff alleges that Defendants John Doe and El Moackly prevented him from filing a grievance for his lack of medical care. However, even "the receipt of letters or grievances, by itself, does not amount to personal involvement." *Morales v. Fischer*, 46 F. Supp. 3d 239, 254-55 (W.D.N.Y. 2014) (quoting *Mateo v. Fischer*, 682 F. Supp. 2d 423, 430 (S.D.N.Y. 2010); *see also Higgins v. Artuz*, No. 94-CV-04810, 1997 WL 466505, at *7 (S.D.N.Y. Aug. 14, 1997) ("[A]n allegation that an official ignored a prisoner's letter of protest and request for an investigation of allegations made therein is insufficient to hold that official liable for the alleged violations." (quoting *Greenwaldt v. Coughlin*, No. 93-CV-06551, 1995 WL 232736, at *3 (S.D.N.Y. 1995)). Here, there is no allegation that Defendants John Doe or El Moackly even received a written grievance. Accordingly, to the extent Plaintiff asserts a claim for deliberate indifference to serious medical needs against Defendants John Doe and El Moackly, such claim is dismissed for failure to allege personal involvement.

II. Due Process

Plaintiff alleges that Defendants El Moackly and John Doe both refused to provide Plaintiff with an inmate grievance form so that Plaintiff could complain of his lack of medical treatment, in violation of Plaintiff's right to Due Process under the Fourteenth Amendment. (Am. Compl. at 6-

7). Denial of access to prison grievance procedures are not within the purview of the Constitution. *See Riddick v. Semple*, 731 F. App'x 11, 13 (2d Cir. 2018) ("[N]either state policies nor 'state statutes . . . create federally protected due process entitlements to specific state-mandated procedures.'" (second alteration in original) (quoting *Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003)). Defendants El Moackly and John Doe restricted Plaintiff's access to the prison grievance process, but they "did not restrict his right to file civil actions and the Prison Litigation Reform Act's ("PLRA") exhaustion requirement would not preclude him from asserting § 1983 claims in federal court that were barred by grievance restrictions." *Id.* Therefore, to the extent the Amended Complaint asserts a Due Process claim against Defendants El Moackly and John Doe for denial of access to prison grievance procedures, such claim is dismissed.[4]

III.   State Law Claims

The Amended Complaint, read liberally, also asserts state law claims for negligence and medical malpractice against all Defendants. However, having already dismissed Plaintiff's federal claims for relief—*i.e.*, the only claims over which this Court has original jurisdiction—the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See Mcleod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 n.6 (2d Cir. 2017) ("Of course, a district court may decline to exercise supplemental jurisdiction over state and local law claims if it has dismissed all claims over which it has original jurisdiction."); *Offor v. Mercy Med. Ctr.*, No. 17-CV-01872, 2018 WL 294791, at *7 (S.D.N.Y. May 31, 2018) ("A federal district court may decline to exercise supplemental jurisdiction over pendent state law claims when it 'has dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3))); *Eyeghe v. Thierry*, No. 14-

---

[4] Given the conclusions reached herein, the Court need not and does not reach Defendants' arguments regarding Plaintiff's failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). (*See* Doc. 40 at 9; Doc. 50 at 7-8).

CV-01914, 2014 WL 5242605, at *2 (S.D.N.Y. Oct. 15, 2014) (declining to exercise supplemental jurisdiction over state law claims after dismissing Title VII claim for failure to allege plausibly the requisite number of employees).

## CONCLUSION

For the foregoing reasons, Defendants Khouri's and El Moackly's motions to dismiss the Amended Complaint are granted. The claims alleged against Defendant John Doe are likewise dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Further, because Plaintiff has already had an opportunity to amend his pleading and failed to oppose either motion to dismiss, the Court finds that giving Plaintiff the opportunity to amend again would be futile. *See Massapinero*, 2015 WL 1473313, at *3 ("In light of plaintiff's failure to oppose the motion to dismiss, the court finds that granting the right to amend would be futile."); *Banks v. #8932 Corr. Officer*, No. 11-CV-08359, 2013 WL 673883, at *4 (S.D.N.Y. Feb. 25, 2013) ("In light of the multiple deficiencies of the Complaint and Plaintiff's failure to oppose the motion to dismiss, the Court finds that amendment would be futile."); *see also Hickman v. Williams*, No. 24-CV-04252, 2025 WL 50243, at *3 (S.D.N.Y. Jan. 6, 2025) ("District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies."). Accordingly, Plaintiff's claims under 42 U.S.C. § 1983 alleging deliberate indifference to serious medical needs and denial of Due Process are dismissed with prejudice. Because the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims of negligence and medical malpractice, those claims are dismissed without prejudice.

Under 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this order would not be taken in good faith. *In forma pauperis* status is thus denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444 (1962).

The Clerk of Court is respectfully directed to: (i) terminate the motion sequences pending at Docs. 38 and 48; (ii) mail a copy of this Opinion and Order to Plaintiff; and (iii) close this case.

**SO ORDERED.**

Dated: White Plains, New York
October 29, 2025

_____
PHILIP M. HALPERN
United States District Judge