**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
JIMY PERALTA,

                        Plaintiff,

        -against-                                      24 **CIVIL** 2760 (PMH)

                                                                       **JUDGMENT**

DOCTOR KHOURI, et al.,

                        Defendants.
-----------------------------------------------------------------X

        It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated October 29, 2025, Defendants Khouri's and El Moackly's motions to dismiss the Amended Complaint are granted. The claims alleged against Defendant John Doe are likewise dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii). Further, because Plaintiff has already had an opportunity to amend his pleading and failed to oppose either motion to dismiss, the Court finds that giving Plaintiff the opportunity to amend again would be futile. See Massapinero, 2015 WL 1473313, at *3 (In light of plaintiff's failure to oppose the motion to dismiss, the court finds that granting the right to amend would be futile.); Banks v. #8932 Corr. Officer, No. 11-CV-08359, 2013 WL 673883, at *4 (S.D.N.Y. Feb. 25, 2013) ("In light of the multiple deficiencies of the Complaint and Plaintiff's failure to oppose the motion to dismiss, the Court finds that amendment would be futile."); see also Hickman v. Williams, No. 24-CV-04252, 2025 WL 50243, at *3(S.D.N.Y. Jan. 6, 2025) ("District courts generally grant a pro se plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaints deficiencies."). Accordingly, Plaintiff's claims under 42 U.S.C. § 1983 alleging deliberate indifference to serious medical needs and denial of Due Process are dismissed with prejudice.

Because the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims of negligence and medical malpractice, those claims are dismissed without prejudice. Under 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from the order would not be taken in good faith. In forma pauperis status is thus denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444 (1962); accordingly, the case is closed.

**Dated:** New York, New York

October 29, 2025

**TAMMI M. HELLWIG**
_____
**Clerk of Court**

**BY:**  *K. mango*
_____
**Deputy Clerk**